IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL GANDIA-MAYSONET,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL NO. 16-cv-2151 (RAM) |

## OPINION AND ORDER

Raúl M. Arias-Marxuach, United States District Judge

This matter comes before the Court on Daniel Gandía-Maysonet's: (a) *Motion to Vacate under 28 U.S.C. 2255 pursuant to Johnson vs. USA* ("*Petition*") (Docket No. 1); (b) *Supplemental Brief in Support of Petitioner's Section 2255 Motion* ("*Supplemental Brief*") (Docket No. 8); and (c) *Motion to Lift Stay* (Docket No. 12). The *Motion to Lift Stay* is **GRANTED**. The *Petition* is **DENIED** because it is barred by United States Court of Appeals for the First Circuit precedent as explained below.

### I. BACKGROUND

Taken from a First Circuit Opinion which overturned Daniel Gandía-Maysonet's (subsequently "Petitioner," "Gandía-Maysonet" or "Gandía") original guilty plea, the factual background is as follows:

> On March 20, 1995, in Vega Baja, in the Commonwealth of Puerto Rico, Ivan Pizarro-Torres invited Gandia to take a drive and then asked him to rob Victor Colon-Ortiz, a lottery ticket seller. Gandia said

> he would not do the robbery alone, so Ivan Pizarro enlisted his cousin, Samuel Pizarro, to join in the scheme. Ivan Pizarro then drove Gandia and Samuel Pizarro to a point near Colon's home and departed with his vehicle, leaving Gandia and Samuel Pizarro with Ivan's pistol. Gandia and Samuel Pizarro circled the house, spotted Colon in his carport, and approached him.
>
> Samuel Pizarro announced that this was a hold-up; Colon took out a knife and moved toward Samuel, and Samuel then shot Colon five times, killing him. Colon's wife was also shot and suffered serious injury but survived. Samuel Pizarro proceeded to drive Colon's car through a closed gate, and Gandia then joined him. After fleeing with Colon's car, the pair retrieved money from the trunk of the car and shared it with Ivan Pizarro. Some months later, Gandia and another individual shot and killed Samuel Pizarro.

See U.S. v. Gandía Maysonet, 227 F.3d 1, 2 (1st Cir. 2000).

On March 28, 2001, Petitioner pled guilty and was convicted in Criminal Case No. 96-304 for aiding and abetting a carjacking resulting in death in violation of 18 U.S.C. § 2119(3). See Case No. 96-cr-304-RAM-2 at Docket No. 138. He also pled guilty and was convicted for violating 18 U.S.C. § 924(c) by aiding and abetting in the use of a firearm during and in relation to a "crime of violence". Id.

The late Honorable Salvador E. Casellas sentenced Mr. Gandía-Maysonet to 300 months of imprisonment as to Count 1 of the Indictment (the Section 2119(3) and Section 2 carjacking charge) and 60 months as to Count 2 (the Section 924(c)(1)(3) and Section 2 unlawful use of a firearm charge), to be served consecutively to each other. See Case No. 96-cr-304-RAM-2 at Docket No. 139.

On June 21, 2016, Mr. Gandía-Maysonet filed the *Petition* giving rise to this case. (Docket No 1). In a nutshell, and as stated in the *Supplemental Brief* by the Federal Public Defender, the *Petition* argues that Mr. Gandía-Maysonet's conviction under Section 924(c) is invalid because his carjacking and aiding and abetting carjacking convictions no longer qualify as predicate "crimes of violence" to sustain the Section 924(c) conviction. (Docket Nos. 1 and 8).

On October 27, 2017, Judge Casellas stayed proceedings pending the Supreme Court of the United States' resolution of Sessions v. Dimaya, 137 S.Ct. 31 (2017). (Docket Nos. 10 and 11). On September 3, 2020, the case was transferred to the undersigned's docket in the wake of Petitioner's *Motion to Lift Stay* filed the previous day. (Docket No. 13)

As correctly conceded by the Public Defender, with the caveat that they seek to preserve the arguments in the *Petition* for appellate review, First Circuit precedent currently precludes Petitioner claims that Section 2119 carjacking and "aiding and abetting" a carjacking are not "crimes of violence" for Section 924(c) purposes. (Docket No. 13).

**II.  LEGAL STANDARD GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Under 28 U.S.C. § 2255, a prisoner in custody under a sentence of a Federal Court may move the Court that imposed sentence to vacate, set aside or correct it:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack.

"A petitioner requesting post-conviction relief must show that his sentence 'reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice.'" *See* Lebron Ortiz v. United States, 2015 WL 2400746 (D.P.R. 2015) at * 2 (quoting David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)). Thus, the petitioner bears the burden of establishing the defect. Id.

Likewise, "[w]hen a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing." U.S. v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (citations omitted).  To determine whether the petitioner has met this burden, "the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." Id.

A hearing on such a petition is "generally not necessary when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974).  Put in another way, a Section 2255 motion "'may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or

which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'" McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir.1984)) (internal quotation omitted).

### III. ANALYSIS

No hearing is necessary in the case at bar because the *Petition* presents **only legal issues** that do not require resolving any factual issues. *See* Miller v. United States, 564 F.2d 103, 106 (1st Cir. 1977) ("Where there are no disputed facts crucial to the outcome, leaving only questions of law, [§] 2255 does not require a hearing; the motion may be decided […] without oral presentation"). As explained below, Petitioner contends that Section 2119 carjacking is an "indivisible statute". An indivisible statute contains a "single, indivisible set of elements" instead of containing alternative elements, and "that criminalizes a broader swath of conduct than the relevant generic offense." Descamps v. United States, 570 U.S. 254, 258 (2013). On the other hand, a statute is "divisible" when "sets out one or more elements of the offense in the alternative[,]" thereby "listing potential offense elements." Id. at 257, 260.

To determine whether an indivisible statute is a "crime of violence," the court applies a "categorical approach" that considers "the elements of the crime of conviction, **not the facts of how it was committed**, and assess[es] whether violent force is

an element of the crime." United States v. Taylor, 848 F.3d 476, 491 (1st Cir. 2017) (emphasis added). For divisible statutes, courts use a "modified categorical approach" which consists of analyzing a limited set of documents "such as the charging documents, plea agreements, plea colloquies, jury instructions, and verdict forms […] to determine which of the statute's alternative elements formed the basis of the prior conviction." United States v. Castro-Vazquez, 802 F.3d 28, 35 (1st Cir. 2015)

**A. First Circuit Precedent provides that carjacking under Section 2119 is a predicate "crime of violence" under Section 924(c)'s "force clause."**

The *Petition* and the *Supplemental Brief* contend that carjacking and aiding and abetting a carjacking are not "crimes of violence" for purposes of Section 924(c) because they do not meet the definition of "crime of violence" in Section 924(c)(3)(A). In jurisprudential parlance, Section 924(c)(3)(A) is known as the "**force clause**". *See* United States v. Rose, 896 F.3d. 104, 106 (1st Cir. 2018). This section defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. 924(c)(3)(A).

Moreover, the Petitioner argues that the definition of "crime of Violence" of Section 924(c)(3)(B) is unconstitutional because Supreme Court precedent has declared void for vagueness the similarly-worded definition of "crime of violence in 18 U.S.C. § 16(b). *See* Johnson v. United States, 576 U.S. 591 (2015). Section

924(c)(3)(B) is known as the "**residual clause**" and it defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See also* United States v. Rose, *supra*. After the Mr. Gandía-Maysonet filed his *Petition*, the Supreme Court of the United States held that Section 924(c) "residual clause" is unconstitutionally vague. *See* United States v. Davis, 139 S.Ct. 2319 (2019). However, because Mr. Gandía-Maysonet was convicted of offenses that meet 924(c)(3)(A)'s "**force clause**", there is no need to entertain Defendant's constitutional challenge to his conviction due to § 924(c)(3)(B)'s "**residual clause**" unconstitutional vagueness. *See* United States v. Cruz-Rivera, 904 F.3d 63, 68 (1st Cir. 2018)(Holding that § 924(c)(3)(A)'s "force clause" encompassed defendant's § 2119 convictions).

The federal carjacking statute provides in the relevant part that:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall— […] if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

*See* 18 U.S.C. 2119(3). According to Petitioner, the federal carjacking statute is not a "crime of violence" under 924(c)'s force clause because:

> (1) the offense can be committed by intimidation which does not require violent force, (2) death resulting does not require force as an element; (3) aiding and abetting does not require the use of violent force, and (4) the statute is indivisible, meaning we must presume the most innocent conduct proscribed by the federal carjacking statute formed the basis of conviction.

Docket No. 8 at p. 11.[1] As conceded by the Public Defender, these arguments are precluded by First Circuit precedent.

In United States v. Cruz-Rivera, *supra*, the defendant likewise contended that Section 2119 is an indivisible statute and not a "crime of violence" because carjacking can be accomplished by intimidation and thus, "the government need not prove the defendant used "physical force." Cruz-Rivera, 904 F.3d at 66. The First Circuit did not agree and instead found that, even if Section 2119 is indivisible, 924(c)'s force clause can be satisfied by intimidation:

> **But, even assuming that § 2119 is indivisible as Cruz contends, we have held, as the government points out, that the force clause encompasses federal bank robbery even though that offense, too, may be committed through "intimidation."** United States v. Ellison, 866 F.3d 32, 35 (1st Cir. 2017) (holding that bank robbery was a "crime of violence" under United States Sentencing Guideline 4B1.1(a) ); 18 U.S.C. § 2113(a); see also Hunter v. United States, 873 F.3d 388, 390 (1st Cir. 2017) (applying Ellison to § 924(c) and holding that intimidation was sufficient to establish "violent force" under § 924(c)(3)(A)). **Given that § 2119 additionally requires that the government prove that a defendant committed the carjacking offense**

---

[1] Indeed, "[w]here a statute is indivisible but lists multiple, alternative means of satisfying an element, one or more of which can be achieved without violence, the crime defined therein is not categorically a "crime of violence" even if the defendant committed it by violent means identified in the statute**."** United States v. Delgado Sánchez, 849 F.3d 1, 9 (1st Cir. 2017).

> **"with the intent to cause death or serious bodily harm," 18 U.S.C. § 2119, we do not see how Ellison and Hunter may be distinguished. Nor does Cruz offer any explanation of how they might be.**

Id. (emphasis added). The First Circuit concluded that 924(c)'s force clause "encompassed" Cruz-Rivera's Section 2119 conviction. Id.

The above leaves Petitioner's argument that "aiding and abetting" a crime of violence does not satisfy 924(c)'s force clause. Once again, First Circuit precedent precludes this argument. In United States v. García-Ortiz, the defendant claimed that aiding and abetting a Hobbs Act Robbery was not a "crime of violence." United States v. García-Ortiz, 904 F.3d 102, 108 (1st Cir. 2018). The First Circuit found that 18 U.S.C. § 2 "makes an aider and abettor 'punishable as the principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense." Id. at 109. See also Gonzales v. Duenas Alvarez, 549 U.S. 183, 189 (2007) ("[E]very jurisdiction—all States and the Federal Government—has 'expressly abrogated the distinction' among principals and aiders and abettors").

**B. No certificate of appealability will be issued.**

28 U.S.C.A. § 2253(c)(2) establishes that a district judge may only issue a certificate of appealability of a section 2255 proceeding "if the applicant has made a substantial showing of the denial of a constitutional right." In this case, the Court will not issue a certificate of appealability because, for the reasons

discussed above, "there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2)." *See* Morales Torres v. United States, 2019 WL 474217 at * 3 (Denying certificate of appealability in case dismissing Section 2255 petition because Hobbs Act Robbery is a predicate crime of violence under Section 924 (c)'s force clause).

### IV.  CONCLUSION

The *Motion to Lift Stay* at Docket No. 12 is **GRANTED**. Based on the foregoing, Defendant's *Motion to Vacate under 28 U.S.C. 2255 pursuant to Johnson vs. USA* at Docket No. 1 is **DENIED.**

Judgment of dismissal **WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of September 2020.

                                    S/ RAÚL M. ARIAS-MARXUACH
                                    United States District Judge